OPINION OF THE COURT
Bernard M. Herman, J.
This jury trial action was brought by the plaintiff, a physician and health service provider under the provisions of the New York State “No-Fault” Law (Insurance Law, § 675), to recover fees for medical services as well as fees for the legal work performed by his attorneys for the collection of his doctor’s bill.
On February 28, 1983, the plaintiff performed certain surgical procedures namely: an arthroscopy of the right knee (the surgical insertion of an instrument to view the condition of the right knee joint); an arthrotomy of the right knee (the surgical entry itself into the right knee joint); and an excision (the removal of a torn medial meniscus from the right knee joint).
The plaintiff also attended his patient after surgery while the patient was hospitalized, with visits to her on each of the five days following" the surgery.
*698 Plaintiff thereupon submitted a bill for his medical services to the defendant insurance company and requested payment thereof.
Section 678 of the Insurance Law, entitled “Limitations of charges by providers of health services”, thereof provides:
“§ 678. Limitations of charges by providers of health services
“1. The charges for services * * * shall not exceed the charges permissible under the schedules prepared and established by the chairman of the workers’ compensation board for industrial accidents”.
Only a portion of the plaintiff’s doctor’s bill was paid by the defendant. One thousand one hundred sixteen dollars and seventy-eight cents was paid as payment in full for the excision of the torn medial meniscus and $43.32 for two days of visits by the plaintiff on the day before and on the day of the operation.
The plaintiff also charged $1,000 for performing the arthroscopy for which the defendant paid only the sum of $159.54. No payment was made for the five hospital visits after surgery. The balance of the plaintiff’s bill, as aforesaid, was denied by the defendant upon the basis that the arthroscopy was covered by the payment for the arthrotomy which included the excision of the torn medial meniscus, and that the five hospital visits constitute follow-up care which were also included in the payment it already made to the plaintiff.
Plaintiff contends that the arthroscopy, the arthrotomy and the excision were each separate and distinct procedures and that the charge rendered for each said procedure was reasonable and necessary, and that the five hospital visits following surgery did not constitute follow-up care within the scope of the Workers’ Compensation Board schedule of medical fees, and that he was entitled to payment for that as well.
Under the No-Fault Insurance Law a doctor’s charges are limited to the amount so provided in the Workers’ Compensation Board schedule of medical fees (Insurance Law, § 678). The arthrotomy and the fee to be charged *699 therefor is listed therein. However, with respect to the arthroscopy it is not so listed and consequently there is no fee provided for this procedure in the Workers’ Compensation Board schedule of medical fees.
The precise question of whether an arthroscopy and an arthrotomy are separate procedures was submitted to the jury which answered it in the affirmative. The fair and reasonable amount of the doctor’s fee for the arthroscopy was likewise submitted to and determined by the jury.
The question as to whether the arthrotomy and the excision which required removal of the torn medial meniscus were separate procedures was answered in the negative by the jury.
The issue as to whether the five hospital visits after the surgery constituted follow-up care was answered by the jury in the affirmative thereby denying the plaintiff additional payment therefor.
The question of the number of hours spent by the attorneys for the plaintiff in “out of court”, office, and paperwork was submitted to the jury and determined to be five hours.
The question as to the number of hours spent by the plaintiff’s attorneys in court appearances and trials before arbitrators and then the court and jury was found by the jury to be 27 hours.
The only question that remains to be determined is the amount of money that the plaintiff is entitled to for his attorneys’ fees. This issue was not submitted to the jury, and is now to be determined, as a matter of law, by the court.
Since the underlying dispute does not involve coverage but rather the amount of the doctor’s fee, the AAA arbitration schedule ($35 per hour for preparation time, and $60 per hour for court time) is inapplicable. In the absence of novel and unique issues the attorney’s fees are subject to 20% of the amount of first-party benefits plus interest thereon, awarded by the jury subject to a maximum fee of $700 as provided for by 11 NYCRR 65.1.6 (c) (8) (iv). The only basis to depart from the foregoing would be a determination by this court under the provisions of 11 NYCRR 65.16 (c) (8) (vii), “that the issues in dispute were of such a *700 novel and/or unique nature as to require extraordinary skills or services”, thereby entitling the attorneys to an excess fee. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award.
In this four-day trial before court and jury the plaintiff appeared as assignee and testified giving his testimony as a medical expert and orthopedic surgeon as to the different surgical procedures involved.
It is submitted that in this case the interests of justice, and in the court’s opinion, the legislative intent requires an award of attorneys’ fees consistent with the unusual nature thereof.
To support the contention of uniqueness it should be noted that this is apparently the first known occurrence, of a jury trial upon the issue of the collection of a doctor’s bill under the No-Fault Law in the State of New York where the workers’ compensation schedule did not provide the answer.
It is not the garden variety dispute as to whether the treatment was or was not necessary but a more complex issue by far, for lawyers and jurors, whether this course of surgical treatment constituted separate and distinct procedures or was all part of a single procedure. The arguments on the applicable law and the proper procedure to present these complex issues to a jury occupied the attorneys both in chambers and at a side bar in the preparation of a verdict sheet which was to be submitted to the jury and required well over five hours.
The issues which were therefore presented as questions of fact for the jury to determine concerning the qualitative testimony of the doctor in support of the burden of proving whether or not the procedures of an arthroscopy, arthrotomy and excision were different and distinct and whether the hospital visits by the plaintiff doctor on the five days following surgery were or were not follow-up care requiring payment or denial of payment therefor created circumstances wherein it may readily be concluded that the foregoing issues were indeed of a novel and unique nature.
It is the opinion of this court that the technical medical issues raised in the trial of this case before a jury created a *701 situation not contemplated in the original scheme of the litigation collection procedure which limits an attorney’s fee to 20% of the amount of first-party benefits plus interest thereon subject to a maximum fee of $700 (11 NYCRR 65.16 [c] [8] [iv]).
The court is of the opinion that the instant case is a proper situation for a determination of the requirement of extraordinary skill and services upon issues which are without doubt of a novel and unique nature thereby permitting this court to set the attorney’s fee in excess of the limitation set forth above, and as is provided for in 11 NYCRR 65.16 (c) (8) (vii).
This court is aware of the interest of the consumer, and the protection he requires in making readily available to him under the circumstances of a case such as this proper legal representation. To permit a limitation of attorney’s fees in a case like this would only discourage attorneys from taking such cases and this would be detrimental to the public’s best interests and to this extent contrary to public policy.
The jury found that the attorneys in this case expended and were entitled to be paid for five hours in “out of court” time and for 27 hours in “in court time.”
The court in accordance with the provisions of 11 NYCRR 65.16 (c) (8) (vii) fixes the attorneys’ hourly compensation at $75 per hour for “out of court time”, making it the sum of $375, and at $150 per hour for “in court time” making it the sum of $4,050. The total of both sums amounts to $4,425, together with appropriate interest thereon, and the plaintiff is entitled to judgment against the defendant in said amount.